IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OXBO INTERNATIONAL CORPORATION,

                Plaintiff,
  v.

H&S MANUFACTURING COMPANY, INC.,

                Defendant.

H&S MANUFACTURING COMPANY, INC.                ORDER

                Counterclaim-Plaintiff,                15-cv-292-jdp

  v.

OXBO INTERNATIONAL CORPORATION and
KUHN NORTH AMERICA, INC.,

                Counterclaim-Defendants.

---

Plaintiff Oxbo International Corporation seeks leave to amend its infringement contentions to assert six additional patent claims. Dkt. 39. The amendment does not add new patents, new accused products, or new parties. Defendant H&S Manufacturing Company, Inc. opposes. Dkt. 52. The court will grant the motion and allow Oxbo to amend its infringement contentions. No further submissions are required, so Oxbo's request for oral argument or a reply, Dkt. 57, is denied.

The standard applicable to the motion to amend infringement contentions is the one in Federal Rule of Civil Procedure 15. The good cause standard for amending a scheduling order under Rule 16 is not applicable, contrary to the contention of H&S. As provided in the preliminary pretrial conference report, core substantive contentions are treated as elements of

pleading. Dkt. 12 at 2. After the deadline for amendments to pleading, "amendments will be allowed as provided for under Federal Rule of Civil Procedure 15." *Id*. Under Rule 15, the court should freely give leave to amend when justice so requires. "However, leave to amend need not be given if there is an apparent reason not to do so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted). The factors at issue here concern the timing of Oxbo's amendment and the potential prejudice to H&S. Oxbo told H&S that it intended to assert the new claims on March 11, 2016, so that is the date from which the court will evaluate Oxbo's delay and H&S's prejudice.

Oxbo offers a plausible account of why it waited until March 11 to propose now to add the six new asserted claims. H&S contends that Oxbo should have discovered the segmented structure of the rail and comb during the 2014 inspection of the Tri-Flex merger. Maybe so. But the fact that Oxbo inspected the merger in 2014 does not establish that Oxbo had "full knowledge" of the accused product and "simply chose not to" assert the claims sooner as H&S says. Dkt. 52, at 6. H&S contends that the photographs of the merger included in Oxbo's original infringement contentions show the segmented structure, but that is a stretch. A more thorough inspection of the merger might have shown the segmented structure in 2014. But missing that aspect on a one-time inspection does not show negligence or gamesmanship. As for the operational capacity of the merger, H&S contends that the safety sticker email on which Oxbo relies, Dkt. 42-13, is not really relevant to the merger's operational capacity. But H&S does not explain how or when Oxbo learned that the merger

could operate with one or the other pickup assemblies retracted. The email at least implies something about operating the merger with a pickup assembly retracted. The court finds that H&S's slow discovery responses played a role in Oxbo's delay in asserting the new claims. Accordingly, Oxbo's delay does not provide a good reason to deny the motion to amend.

The decisive issue is whether H&S would face undue prejudice. If it were very early in the case, the court would grant the motion as a matter of routine because it does not involve new patents, new products, or new parties. But it is not very early in the case. Some claim construction disclosure deadlines have just passed, and expert reports are due April 15, 2016. Nevertheless, the court is not persuaded by H&S's argument that it would be unduly prejudiced by the amendment. The amendment was proposed to H&S on March 11, which gave H&S just over a month for its experts to consider the new claim elements. The technology at issue is not overly complex, and the new claim elements are relatively straightforward.

H&S's undue prejudice argument is conclusory because it does not explain how these specific new claims would require it to completely revamp its expert reports or its in-process petitions for *inter partes* review. The proposed amendment to the '488 patent involves one dependent claim; the amendment to the '052 patent involves three dependent claims. The proposed new claims for the '929 patent are both independent claims, but the elements of those claims substantially overlap with the already asserted claim 44. The assertion of a dependent claim necessarily implicates a different validity analysis, but H&S has not explained how these new claims would require two months of additional prior art searching or how its petitions for *inter partes* review could not be adjusted in the two months available. H&S's claim that the amendment would significantly disrupt the progress of the case is

exaggerated. The court concludes that H&S would not face undue prejudice as a result of the amendment.

H&S has not shown good reason to deny Oxbo's request for leave to amend, so under Rule 15 the amendment will be allowed. Even if the tougher standards of Rule 16 applied, Oxbo has shown good cause for the amendment.

ORDER

Plaintiff Oxbo International Corporation's motion for leave to file amended infringement contentions, Dkt. 39, is GRANTED. Oxbo's motion for oral argument or a reply, Dkt. 57, is DENIED.

Entered April 2, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge