IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OXBO INTERNATIONAL CORPORATION,

       Plaintiff,

 v.

H&S MANUFACTURING COMPANY, INC.,

       Defendant.

NOTICE

15-cv-292-jdp

---

  Both sides have moved for a summary judgment ruling on infringement and on H&S's equitable defenses. Each side also raises limited validity issues. The parties also present several motions to strike parts of the other side's evidence or to supplement its own. The court's opinion and order will be released early next week. To facilitate the parties' efficient preparation for trial, the court now notifies the parties of its tentative rulings on the pending motions.

TENTATIVE RULINGS

1.  Plaintiff Oxbo International Corporation's motion for summary judgment, Dkt. 115, is GRANTED in part and DENIED in part:

  a.  H&S's Tri-Flex Merger infringes claim 44 of the '929 patent.

  b.  H&S's Tri-Flex Merger infringes claim 1 of the '739 patent.

  c.  H&S's Tri-Flex Merger infringes claims 1-10 of the '488 patent.

  d.  H&S's Tri-Flex Merger infringes claims 1-4 and 6-8 of the '052 patent.

  e.  Oxbo's motion is denied with respect to infringement of claim 28 of the '929 patent.

  f.  The asserted claims of the '052 patent are not anticipated or obvious on any ground asserted by H&S.

g. The asserted claims of the patents-in-suit are not invalid for indefiniteness, lack of enablement, or lack of written description under 35 U.S.C. § 112.

h. H&S's affirmative defenses are dismissed.

2. Defendant H&S Manufacturing Company, Inc.'s motion for summary judgment, Dkt. 122, is GRANTED in part and DENIED in part:

   a. H&S is not entitled to summary judgment as to literal infringement of the patents-in-suit.

   b. H&S is entitled to summary judgment as to infringement under the doctrine of equivalents of the patents-in-suit.

   c. H&S's motion for summary judgment on its equitable estoppel defense is denied.

   d. H&S is not entitled to summary judgment that claim 44 of the '929 patent is anticipated by the Beougher reference. The court will give H&S the opportunity to show cause why the court should not enter summary judgment for Oxbo on this issue.

3. H&S's motion to strike the supplemental expert report of Jonathan Chaplin, PhD, and the declaration of Jake Langer, Dkt. 148, is GRANTED in part and DENIED in part. Oxbo may present Chaplin's supplemental opinion (and Langer's evidence in support) related to the operation of the central pickup assembly. Chaplin's supplemental opinions about the "gap" argument and the "all material" argument are excluded as untimely.

4. Oxbo's motion to strike the declarations of Foley, Rottier, and Kelber, Dkt. 163, remains under advisement. The declarations, which all relate to an animation depicting the operation of the accused product, were not material to the court's decision on the motions for summary judgment. The court will construe the motion to strike as a pretrial motion in limine.

5. Oxbo's motion to supplement, Dkt. 197, is DENIED in light of the court's ruling on Dkt. 148.

6. Oxbo's motion to strike portions of defendant's summary judgment briefing on its equitable defenses, Dkt. 222, is DENIED.

7. Oxbo's motion for sanctions, Dkt. 260, remains under advisement.

8. Oxbo's motion to strike H&S's non-infringement argument based on the operation of the central pickup assembly, Dkt. 291, is DENIED.

Entered May 19, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge